UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | |
|---|---|
| NATHAN SOLOMON, ) | CASE NO. 4:06 CV0295 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) |  AND ORDER |
| T.R. SNIEKEK, ) | |
| ) | |
| Respondent. ) | |

Pro se petitioner Nathan Solomon filed this action for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Warden T.R. Sniekek[sic] at the Elkton Federal Correctional Institution ("F.C.I. Elkton"), in Lisbon, Ohio, on February 7, 2006.[1]  Mr. Solomon, who is currently in prison at F.C.I. Elkton serving concurrent federal sentences, seeks an order from this court correcting an alleged Bureau of Prisons (BOP) sentencing computation error.

*Factual and Procedural Background*

Nathan Solomon was arrested on August 21, 2001 for federal crimes he committed in New York and South Carolina.  He was in pre-sentence custody from August 21, 2001 until

---

[1] The correct spelling of the warden's name is "Sniezak."

December 15, 2002. On December 16, 2002, the United States District Court for the Southern District of New York sentenced Mr. Solomon to a term of 70 months in prison.

Approximately one year later, a writ of habeas corpus ad prosequendum was issued to transport Mr. Solomon from New York to the United States District Court for the District of South Carolina to be sentenced for a "related" offense. The court sentenced petitioner on January 21, 2004 to a term of 120 months imprisonment "to run consecutively to a term of 20 months." (Pet. at 1.) The court further ordered Mr. Solomon's total sentence of 140 months to run concurrently with the 70 month sentence imposed by the Southern District of New York.

When he was incarcerated at the Federal Correctional Institution in Estill, South Carolina, Mr. Solomon filed an Informal Resolution Form wherein he claimed that his statutory release date and expiration full term (EFT) date were incorrect. He maintained that the BOP failed to credit his sentence for one year, one month and five days of time served. The Inmate Systems Manager, Mark Jackovich, responded to the petitioner on April 21, 2004, and stated that the BOP correctly established a statutory release date (SRD) of October 3, 2012 and his EFT date as May 26, 2014. These dates were based on the BOP aggregating his 70 month sentence, using a commencement date of December 16, 2002, with his concurrent 140 month sentence, using a commencement date of January 21, 2004. Moreover, the BOP had already given him pre-sentence credit on his sentence.

A review of the attachments to Mr. Solomon's petition indicate that he fully exhausted his administrative remedies to the National Inmate Appeal Administrator, Harrell Watts. Reiterating the position of the warden and the BOP's Regional Director, Mr. Watts denied the petitioner's appeal based on BOP policy and the statutory determination of when a sentence

commences, as set forth in Program Statement (PS) 5880.28, Sentence Computation Manual-CCCA and 18 U.S.C. § 3585(a), respectively. The relevant PS sets forth that "if the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently." (Response of 10/26/04 Harrell to Solomon). Mr. Watts further noted that Mr. Solomon was transported from New York to South Carolina via a writ of habeas corpus ad prosequendum. As such, he was not exclusively in custody awaiting sentencing by the District Court of South Carolina during the time for which he sought credit on his 140 month federal sentence. The BOP concluded that Mr. Solomon did not qualify for pre-sentence credit from the time he was removed from New York to South Carolina to await sentencing by the District Court of South Carolina because he was still serving his unexpired 70 month sentence from the District Court of New York. Finally, the BOP noted, again, that Mr. Solomon had already received pre-sentence credit from August 21, 2001 through December 15, 2002 on his aggregate term of imprisonment.

*Analysis*

In his petition before this court, Mr. Solomon asserts that the BOP is inaccurately using January 21, 2004 as the commencement date for his 140 month sentence when the commencement date should be August 21, 2001. He reasons that, in order for his 70 month and 140 month sentences to run concurrently, each sentence must commence from (1) the date he was arrested in New York and (2) the date from which the calculation of his jail credit began. He quotes a United States District Court for the Middle District of Pennsylvania opinion to assert that "[w]hen

a federal sentence is imposed to run concurrently with a related state sentence, it would be illogical not to grant credit for time already served on the state sentence based on happenstance of when the federal sentencing took place." Rios v. Wiley, 34 F. Supp.2d 265, 267 (M.D. Pa 1999).[2]

Although Mr. Solomon's administrative appeals focused more on pre-sentence credit pursuant to § 3585, his present argument challenges the BOP's application of January 21, 2004 as an incorrect commencement date for his 140 month sentence. Because his concerns regarding sentence commencement were addressed in Harrell Watts's response to his appeal, the matter is now properly before this court.

It is the responsibility of the BOP to calculate any sentence credits to which a federal defendant may be entitled for pre-sentence time spent in official detention. United States v. Wilson, 503 U.S. 329, 334-37 (1992); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993). A defendant may receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b)(emphasis added). The statute explicitly bars a prisoner from receiving "a double credit for his detention time." Wilson, 503 U.S. at 337.

Mr. Solomon is not entitled to additional pre-sentence credit pursuant to 18 U.S.C. § 3585 for the period of time he spent awaiting sentencing in the Southern District of New York, and

---

[2]In Rios, the district court granted Mr. Rios's petition contesting the BOP's refusal to grant credit on his federal sentence for 22 months he spent in federal detention on writ of habeas corpus ad prosequendum issued to New York State authorities. The Court of Appeals for the Third Circuit later affirmed the district court's decision, but based on the Sentencing Guidelines rather than the statute. Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000).

for the time he spent awaiting sentencing in the District Court of South Carolina. The record indicates that he already received credit for the period of time that he spent awaiting sentencing in New York from August 21, 2001 through December 15, 2002. As noted above, because he already received credit for the time period in question, section 3585 prohibits the application of additional credit for this same period of time toward his 140 months sentence. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337; McClain, 9 F.3d at 505. It is clear that if the BOP credited Mr. Solomon for this time against his 140 months federal sentence, he would improperly receive double credit. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337; McClain, 9 F.3d at 505.

With regard to petitioner's argument that his 70 month sentence and 140 months sentence should both commence on August 21, 2004, his claim lacks merit. By statute, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585. Within this framework, a federal sentence does not begin to run when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. See e.g. Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir.1991) (producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody).

When the District Court of South Carolina imposed Mr. Solomon's sentence, it was within the judge's discretion to order his 140 sentence to run concurrently or consecutively to his undischarged 70 month sentence. See 18 U.S.C. § 3584(a). If the judge exercised that discretion, he was required to consider the applicable Sentencing Guidelines and policy statements in effect at the time of the sentencing, not the provisions of § 3585. See 18 U.S.C. § 3553(a). This would

remove the matter from the BOP's authority to calculate sentencing credit pursuant to 18 U.S.C. § 3585, and focus on whether the court ordered his second sentence to commence as of the date of arrest for the first conviction in New York pursuant to United States Sentencing Guideline (U.S.S.G.) § 5G1.3.[3]

Based on the foregoing, Mr. Solomon has not set forth a valid claim that he is entitled to additional sentencing credit pursuant to § 3585. Even the Third Circuit held, on appeal from the district court's order in Rios, supra, that § 3565 did not permit credit in that case. Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000)("plain language of section 3585(b) . . . does not authorize the award of credit for the 22 months that Rios spent in federal control under the . . . writ [of habeas corpus ad prosequendum]").

Furthermore, Mr. Solomon may not challenge the failure to reduce his federal sentence pursuant to U.S.S.G. § 5G1.3 in the instant § 2241 habeas corpus petition. While a federal prisoner seeking to challenge the execution of his sentence may file a § 2241 petition in the district court having jurisdiction over his custodian, United States v. Peterman, 249 F.3d 458, 461 (6th Cir.2001);Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999), a federal prisoner seeking to challenge the imposition of his sentence must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. Peterman, 249 F.3d at 461; Charles, 180 F.3d at 755-56. Mr. Solomon's implicit U.S.S.G. § 5G1.3 argument constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served. Thus, § 2255, not § 2241, is the proper vehicle by which he should bring his U.S.S.G. § 5G1.3 challenge.

---

[3]Section 5G1.3 of the United States Sentencing Guidelines addresses the imposition of a sentence on a defendant subject to an undischarged term of imprisonment.

See Peterman, 249 F.3d at 461; Charles, 180 F.3d at 755-56.

In the future, Mr. Solomon may be entitled to review of his U.S.S.G. § 5G1.3 claim under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. However, the burden is upon Mr. Solomon to prove that his remedy under § 2255 is inadequate or ineffective. See Charles, 180 F.3d at 756. He has not presently shown that his remedy under § 2255 is either inadequate or ineffective.

Based on the foregoing, the matter is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 5/1/06